1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  ANNETTE CADET,                          CASE NO. C19-1953JLR

11                         Plaintiff,       ORDER ON PLAINTIFF'S
                                            MOTION FOR LEAVE TO
12       v.                                 AMEND

13  SNOQUALMIE CASINO,

14                         Defendant.

15              **I.    INTRODUCTION**

16       Before the court is *pro se* Plaintiff Annette Cadet's "[a]mended [c]omplaint."

17  (Mot. (Dkt. # 19).)  In accordance with its duty to liberally construe *pro se* filings, the

18  court construes Ms. Cadet's "amended complaint" as a motion for leave to amend her

19  previous complaint and as a proposed amended complaint.  *See Wilk v. Neven*, 956 F.3d

20  1143, 1147 (9th Cir. 2020).  The motion is unopposed.  (*See generally* Dkt.)  The court

21  has considered the motion, the record, and the applicable law.  Being fully advised, the

22  //

1    court GRANTS Ms. Cadet's motion for leave to amend.

2                        **II.    BACKGROUND**

3           On December 30, 2019, Ms. Cadet filed suit against the Snoqualmie Casino ("the

4    Casino") for events that occurred on or about May 3, 2018.  (*See generally* Compl. (Dkt.

5    # 7).)  However, the court dismissed Ms. Cadet's complaint without prejudice for lack of

6    subject-matter jurisdiction because the Snoqualmie Indian Tribe's ("the Tribe") sovereign

7    immunity extended to the Casino.  (*See generally* 6/25/20 Order (Dkt. # 18).)  Ms. Cadet

8    now attempts to circumvent the Tribe's sovereign immunity by suing "Brent Schneider[,]

9    Cynthia Redfearn Lee[, and] Lawrence Smith Clyde," (collectively, "Employee

10   Defendants") whom Ms. Cadet describes as "Snoqualmie Casino [e]mployees" and

11   "[t]echnical security staff."  (*See* Mot. at 1.)[1]

12          On or about May 3, 2018, Ms. Cadet paid the Casino ten dollars for round-trip

13   transportation from Seattle to the Casino.  (*Id.* at 3.)  Ms. Cadet missed the last bus home

14   that night and, with permission from the Casino's "security officer," waited for the first

15   bus in the morning.  (*See id.* at 1.)  However, one of the Casino's patrons complained

16   about Ms. Cadet's presence.  (*See id.*)  Ms. Cadet avers that the Casino's security

17   personnel began "harassing" and "yelling" at her, "making fun of [her] accent," and

18   insulting her with racial slurs.  (*See id.*)  The Casino's security personnel called the

19   police, who Ms. Cadet alleges "assaulted[ed] and almost kill[ed] me."  (*See id.* at 3.)

20   //

21

22          [1] Unless otherwise noted, all references to page numbers are to those provided by the
     court's electronic filing system ("ECF").

1    Although the court dismissed Ms. Cadet's previous complaint (*see generally*

2  6/25/20 Order; Compl.), Ms. Cadet seeks leave to amend so that she may address the

3  insufficiencies in her complaint, including those related to subject-matter jurisdiction (*see*

4  *generally* Compl.; Mot.).  Ms. Cadet argues that "[t]ribal casino employees do not have

5  [s]overeign [i]mmunity" under United States Supreme Court and Ninth Circuit precedent.

6  (*See* Mot. at 3.)

7    The court now considers Ms. Cadet's motion and her proposed amended

8  complaint.

9                              **III.    ANALYSIS**

10  **A.    Leave to Amend**

11    The district court liberally construes *pro se* filings.  *See Wilk*, 956 F.3d at 1147

12  (noting that a district court properly "acknowledged its obligation to construe liberally" a

13  *pro se* plaintiff's filings); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  "A

14  district court should not dismiss a *pro se* complaint without leave to amend unless 'it is

15  absolutely clear that the deficiencies of the complaint could not be cured by

16  amendment.'"  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v.*

17  *Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

18    Under Federal Rule of Civil Procedure 15, the court should "freely give" leave to

19  amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Five factors are

20  used to assess the propriety of a motion for leave to amend:  (1) bad faith, (2) undue

21  delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the

22  party has previously amended its pleading.  *Allen v. City of Beverly Hills*, 911 F.2d 367,

1  373 (9th Cir. 1990) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th
2  Cir. 1989)).

3        Here, the bad faith, undue delay, prejudice, and previous amendment factors all
4  weigh in favor of granting Ms. Cadet's motion for leave to amend.  In this case, there is
5  no indication Ms. Cadet is acting in bad faith; instead, Ms. Cadet alleges she suffered
6  injuries at the Casino and is seeking damages to compensate for her losses.  Ms. Cadet
7  also responded to the court's previous order dismissing her complaint within a month of
8  the filing, which the court finds acceptable given that Ms. Cadet states that she does not
9  have a computer to research case law or electronically submit and receive filings and that
10 many libraries are presently inaccessible due to the COVID-19 pandemic.  (*See* Resp. to
11 MTD (Dkt. # 14) at 5.)  In regard to prejudice to the opposing party, the Casino does not
12 suffer prejudice because Ms. Cadet proposes removing the Casino from this case.[2]  The
13 court also notes that Ms. Cadet has not previously amended her complaint.  (*See*
14 *generally* Dkt.)

15       The futility factor also weighs in Ms. Cadet's favor.  Although the court
16 previously dismissed Ms. Cadet's complaint for lack of subject-matter jurisdiction, Ms.
17 Cadet's request for leave to amend is not futile.  Amendments may be futile on

18

19

20

21

22

---

[2] Employee Defendants also do not suffer prejudice because, under 28 U.S.C. § 1915(e)(2)(B), the court acts as a barrier between *pro se* plaintiffs proceeding *in forma pauperis* and defendants, meaning Employee Defendants need not appear unless the court determines that Ms. Cadet's amended complaint sufficiently states a claim upon which relief can be granted.  Moreover, Ms. Cadet could simply file a new case against Employee Defendants, meaning they will suffer no prejudice if the court allows Ms. Cadet to name them as defendants in her amended complaint.

1    jurisdictional grounds.  *See Manning v. Swedish Med. Ctr.*, No. C15-0949JLR, 2016 WL

2    6216364, at *9 (W.D. Wash. Sept. 30, 2016) ("Amendment of a complaint is futile if the

3    court would not have subject matter jurisdiction over the new claims in the proposed

4    amendment.") (citations omitted).  Amendments may also be futile on the merits where

5    "no set of facts can be proved under the amendment to the pleadings that would

6    constitute a valid and sufficient claim or defense."  *See Sweaney v. Ada Cty., Idaho*, 119

7    F.3d 1385, 1393 (9th Cir. 1997) (citations omitted).  Although there are still deficiencies

8    in Ms. Cadet's proposed amended complaint, *see infra* § III.B, the amended allegations

9    do not meet this futility standard on either jurisdictional or factual grounds.

10          As the court has already noted, the Casino shares in the Tribe's sovereign

11   immunity as an "arm of the tribe."  *See Cook v. AVI Casino Enters.*, 548 F.3d 718, 725

12   (9th Cir. 2008) ("[T]he settled law of our circuit is that tribal corporations acting as an

13   arm of the tribe enjoy the same sovereign immunity granted to a tribe itself."); (*see also*

14   6/25/20 Order at 10-11).  Moreover, "[t]ribal sovereign immunity 'extends to tribal

15   officials when acting in their official capacity and within the scope of their authority.'"

16   *Cook*, 548 F.3d at 726-27.  However, the Ninth Circuit has distinguished *Cook* and held

17   that tribal sovereign immunity generally does not extend to suits "brought against

18   individual officers in their individual capacities."  *See Maxwell v. Cty. of San Diego*, 708

19   F.3d 1075, 1088 (9th Cir. 2013).  In *Maxwell*, the Ninth Circuit employed a "remedy-

20   focused analysis," considering whether "individual capacity suits against . . . officers . . .

21   will operate against the sovereign [tribe]."  *Id.*  "In *Cook*, the plaintiff had sued the

22   individual defendants in their official capacities in order to establish vicarious liability for

ORDER - 5

1  the tribe." *Id.* (citing *Cook*, 548 F.3d at 727).  However, "[t]he general bar against

2  official-capacity claims . . . does not mean that tribal officials are immunized from

3  individual-capacity suits arising out of actions they took in their official capacities." *Id.*

4  (quoting *Native Am. Distrib. Co. v. Seneca-Cayuga Tobacco Co.*, 546 F.3d 1288, 1296

5  (10th Cir. 2008).  "'Rather, it means that tribal officials are immunized from suits

6  brought against them *because of* their official capacities—that is, because the powers

7  they possess in those capacities enable them to grant the plaintiffs relief on behalf of the

8  tribe." *Id.* (quoting *Native Am. Distrib. Co.*, 546 F.3d at 1296); *see also Lewis v. Clarke*,

9  --- U.S. ---, 137 S. Ct. 1285, 1292 (2017) (holding that tribal sovereign immunity did not

10  extend to the driver of a tribe-owned limousine carrying patrons from a tribal casino in a

11  suit alleging negligence); *Pistor v. Garcia*, 791 F.3d 1104, 1108 (9th Cir. 2015)

12  (concluding that tribal defendants were not entitled to sovereign immunity "because they

13  were sued in their individual rather than their official capacities" and any recovery would

14  come from the individual defendants and not the tribe's treasury).

15  　　　In light of *Maxwell*, Ms. Cadet's motion for leave to amend her complaint is not

16  futile, as she may be able to amend the complaint to state individual actions against

17  Employee Defendants.  *See Hall v. Mooretown Rancheria*, No. 2:12-cv-1856 LKK GGH

18  PS, 2013 WL 2486610, at *6 (E.D. Cal. June 10, 2013) ("It is possible, although doubtful

19  when viewing the present allegations, that plaintiff could amend the complaint to state

20  individual actions.").  Thus, each of the factors in *Allen* weigh in favor of granting Ms.

21  Cadet leave to amend.  Accordingly, the court GRANTS Ms. Cadet's motion for leave to

22  amend her complaint.

1
**B.    Ms. Cadet's Proposed Amended Complaint**

2
    Although the court finds that Ms. Cadet is entitled to leave to amend, the court

3
notes that Ms. Cadet's proposed amended complaint is deficient and would be subject to

4
dismissal under 28 U.S.C. § 1915.  The court is obligated to dismiss any complaint filed

5
by a *pro se* plaintiff proceeding *in forma pauperis* that "seeks monetary relief against a

6
defendant who is immune from such relief" or "fails to state a claim on which relief may

7
be granted."  28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).  Ms. Cadet's proposed amended

8
complaint currently falls into both categories.

9
    The court previously dismissed Ms. Cadet's case for lack of subject-matter

10
jurisdiction (*see* 6/25/20 Order at 14), and Ms. Cadet's proposed amended complaint

11
fares no better (*see generally* Mot.).  Although Ms. Cadet names Employee Defendants

12
and not the Casino as defendants in this matter, Ms. Cadet has failed to allege any actions

13
Employee Defendants undertook in their individual capacities that caused her harm.  (*See*

14
*generally id.*)  Instead, it appears that Ms. Cadet names Employee Defendants in an

15
attempt to circumvent the Tribe's sovereign immunity and hold the Tribe vicariously

16
liable for the actions of the Casino's security personnel.  (*See id.* at 3 (arguing that the

17
"Snoqualmie Casino abuse [sic] vulnerable players" and that "[t]ribal casino employees

18
do not have sovereign [i]mmunity"); *see also* Resp. to MTD at 4 ("I believe that they

19
should lose their immunity right when they fail to respect the people [sic] rights . . . .

20
They deserve some kind of punishment for not being more careful about people [sic]

21
safety [a]t 2 [a.m.]")); *Cook*, 548 F.3d at 727.  Indeed, Ms. Cadet seems to name

22
Employee Defendants specifically "because of their official capacities" so that she may

1    seek relief from the Tribe.  (*See* Mot. at 3; *see also* Resp. to MTD at 4 ("I should be able

2    to suit [sic] because of the treatments I got after they picked me up[.]")); *Maxwell*, 708

3    F.3d at 1088 (citations omitted).  With the exception of naming Employee Defendants

4    rather than the Casino, Ms. Cadet's proposed amended complaint is nearly identical in its

5    allegations to her previous complaint that the court dismissed for lack of subject-matter

6    jurisdiction.  (*See* Mot. at 1; *see generally* 6/25/10 Order.)  To comply with 28 U.S.C.

7    § 1915(e)(2)(B)(iii), Ms. Cadet must state a claim for relief against Employee Defendants

8    in their individual capacities and not merely name them in a complaint alleging

9    wrongdoing on part of the Casino.

10           Ms. Cadet's proposed amended complaint also fails to state a plausible claim upon

11   which relief can be granted.  When considering whether a complaint has failed to state a

12   claim upon which relief can be granted, the court construes the complaint "in the light

13   most favorable" to the plaintiff.  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416

14   F.3d 940, 946 (9th Cir. 2005).  The court accepts "all well-pleaded factual allegations as

15   true and . . . draw[s] all reasonable inferences therefrom in favor of the plaintiff."  *Wyler*

16   *Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 663 (9th Cir. 1998).  Dismissal "can

17   be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

18   under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

19   (9th Cir. 1990).  Although a complaint need not contain detailed factual allegations, a

20   plaintiff's obligation to provide the grounds of her entitlement to relief "requires more

21   than labels and conclusions, and a formulaic recitation of the elements of a cause of

22   action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citations

1   omitted).  The complaint must plead "enough facts to state a claim to relief that is

2   plausible on its face."  *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3          Aside from naming Employee Defendants as the Casino's "employees" and

4   "[t]echnical security staff," Ms. Cadet fails to allege that Employee Defendants engaged

5   in any wrongdoing.  (*See generally* Mot.)  Ms. Cadet refers generally to "the Casino," a

6   "security officer," a "supervisor," and the Casino "staff" throughout her proposed

7   amended complaint but does attempt to connect Employee Defendants to these terms or

8   explain how Employee Defendants were specifically involved in the incident aside from

9   mentioning once that "Brent security office [sic] told [the police] that I refused

10  transportation 100% lie." (*See id*. at 2.)  Moreover, Ms. Cadet's complaint fails to

11  establish a cognizable legal theory demonstrating her entitlement to relief.  *See Balistreri*,

12  901 F.2d at 699.  Ms. Cadet alleges that the Casino's "security staff conspire[d] with

13  sheriff officers . . . to brutally injured [sic] me.  They breached their duty of care to me . .

14  . through [n]egligence and their negligence resulted in my phisical [sic], emotinal [sic]

15  and mental pain." (Mot. at 1.)  Ms. Cadet further alleges that "[t]hey chose to abuse me

16  because of their Indian tribe [s]overeign and [i]munity [sic] of suit." (*Id.* at 3.)  Such

17  language, though serious, is conclusory, fails to establish the elements of any plausible

18  claim to relief, and is not entitled to be assumed true.  *See Iqbal*, 556 U.S. 662 at 1941

19  (noting that the plaintiff's allegation that defendants "agreed to subject him to harsh

20  conditions as a matter of policy" was "conclusory and not entitled to be assumed true").

21  Thus, Ms. Cadet's proposed amended complaint fails to state a plausible claim for relief

22  and would be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii).

1    In sum, although Ms. Cadet is entitled to leave to amend because the court cannot

2    rule out the possibility that amendment could cure the deficiencies in Ms. Cadet's

3    original complaint, *see Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987), Ms.

4    Cadet's current proposed amended complaint would be subject to dismissal under 28

5    U.S.C. § 1915.  Thus, if Ms. Cadet seeks to file an amended complaint in response to the

6    court's order granting her leave to amend, the court cautions Ms. Cadet to remain mindful

7    of the guidance set forth in this order.

8                        **IV.    CONCLUSION**

9    Based on the foregoing analysis, the court GRANTS Ms. Cadet's motion for leave

10   to amend (Dkt. # 19).  Accordingly, the court DIRECTS the Clerk to re-open this case.

11   Ms. Cadet shall amend her complaint to correct the deficiencies identified in this order, if

12   at all, within twenty-eight (28) days of the filed date of this order.  If Ms. Cadet fails to

13   amend the complaint to state a viable action against Employee Defendants in their

14   individual capacities, the court will dismiss Ms. Cadet's entire action with prejudice.

15   Dated this 7th day of August, 2020.

16

17

18   JAMES L. ROBART
     United States District Judge

19

20

21

22

ORDER - 10