1

2

3

4

5

6

7

8

9

19-1953UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10      ANNETTE CADET,                 CASE NO. C19-1953JLR

11                 Plaintiff,         ORDER DENYING MOTION TO
REMAND AND DISMISSING
12     v.                            CASE

13      SNOQUALMIE CASINO, et al.,

14                 Defendants.

15      Before the court is Plaintiff Annette Cadet's motion to remand this case to

16 Washington State Court.  (Mot. (Dkt. # 22).)  Defendants Lawrence Smith Clyde,

17 Cynthia Redfearn Lee, Brent Schneider, and "Snoqualmie Casino Employees"

18 ("Employee Defendants") oppose the motion.[1]  (*See* Resp. (Dkt. # 23).)  In her motion to

19 remand, Ms. Cadet asks the court to "move" her case to Washington State Court due to

20

21         [1] Snoqualmie Casino also joins in the opposition to the motion to remand.  (*See* Resp. at
1.)  However, Snoqualmie Casino was dismissed from this lawsuit (6/25/20 Order (Dkt. # 18) at
14), and the operative amended complaint no longer pleads claims against Snoqualmie Casino
22 (Am. Compl. (Dkt. # 21) at 1-2).  Thus, Snoqualmie Casino is not a defendant in this action.

the "lack of subject matter jurisdiction." (Mot. at 1.) The court DENIES that motion.

Ms. Cadet filed her case in federal court initially. (*See* Mot. for IFP (Dkt. # 1).) As the

Employee Defendants point out, there is no mechanism to remove or remand a case that

the plaintiff filed in federal court to state court. (*See* Resp. at 3-4.) Thus, Ms. Cadet's

motion is denied.

The court notes, however, that Ms. Cadet no longer asserts that the court has

subject matter jurisdiction over this case. (*See* Mot. at 1.) The court dismissed Ms.

Cadet's initial complaint for lack of subject matter jurisdiction (*see* 6/25/20 Order at 14)

and advised Ms. Cadet that her first amended complaint also suffered from jurisdictional

deficiencies (*see* 8/7/20 Order at 7-10). Ms. Cadet filed a second amended complaint

(SAC (Dkt. # 21)), but appears to concede that this case should be "moved" to

Washington State Court because the court lacks subject matter jurisdiction over this case

(Mot. at 1). Under Federal Rule of Civil Procedure 12(b)(1), the court must dismiss

claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). It is

presumed that a case is outside the court's limited jurisdiction, and "the burden of

establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, however, it appears that

no party asserts that this court has jurisdiction over Ms. Cadet's claims. (*See* Mot. at 1;

Resp. at 4.) Accordingly, the court presumes that this case is outside the court's

jurisdiction, *see Kokkonen*, 511 U.S. at 377, meaning this case must be dismissed.

Accordingly, the court DISMISSES Ms. Cadet's second amended complaint (Dkt.

# 21) without prejudice. Although there is no procedural mechanism that allows the

1    court to "move" this case to Washington State Court as Ms. Cadet requests, the court

2    advises Ms. Cadet that she may attempt to re-file her case in state court.

3         Dated this 19th day of November, 2020.

4

5

6                                    JAMES L. ROBART
                                     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 3